```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------------X
KIMBERLY A. SKAGGS,                 :
                                    :
           Plaintiff,               :    CIVIL NO.
                                    :
     v.                             :
                                    :    3:03 CV 1412 (EBB)
SUBWAY REAL ESTATE CORP.,           :
DOCTOR'S ASSOCIATES INC.,           :
and JOHN DEVINE,                    :
                                    :
           Defendants.              :
------------------------------------X
```

**RULING ON DEFENDANTS' MOTION TO STRIKE**

**I.    Introduction**

The defendants, Subway Real Estate Corporation ("SREC"), Doctor's Associates Inc. ("Doctor's Associates" or "DAI"), and John Devine, move, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Counts One and Two of the plaintiff's Amended Complaint ("Complaint"), in part,[1] and Counts Three and Four entirely. The defendants also move to strike the plaintiff's prayer for compensatory damages for mental anguish and humiliation.

Specifically, the defendants move to strike Counts One and Two claiming that the plaintiff failed to allege an employment relationship between Skaggs and Doctor's Associates. In Count

---

[1] Counts One and Two allege violations by defendants Subway Real Estate Corp. and Doctor's Associates. The motion to strike Counts One and Two, however, addresses only the allegations against Doctor's Associates and does not seek to strike those Counts as they pertain to Subway Real Estate Corp.

One, plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964,[2] claiming SREC and Doctor's Associates discriminated against her "by terminating her employment on the basis of her sex and pregnancy."  Compl. ¶ 36.  In Count Two, the plaintiff asserts a Connecticut Fair Employment Practices Act ("CFEPA")[3] claim against SREC and Doctor's Associates, again alleging that her employment was terminated based on her sex and pregnant status.  Compl. ¶ 40.  The defendants also moved to strike Count Three, wherein plaintiff alleges a violation of the Employee Retirement Income Security Act (ERISA)[4] by defendants SREC and Doctor's Associates, and Count Four, wherein plaintiff alleges the interference by defendant John Devine with the plaintiff's contractual and advantageous relationship with SREC and Doctor's Associates.

## II.  **Factual Background**

The following facts are culled from the Amended Complaint and the parties' memoranda.  On or about January 22, 2001, the plaintiff began employment at Subway Real Estate Corp. as a Leasing Assistant.  At all times relevant to the Complaint, John Devine was a Vice President of SREC and the plaintiff's supervisor.  By February of that year, the plaintiff was notified

---

[2] 42 U.S.C. § 2000e, et seq.

[3] Conn. Gen. Stat. § 46a-60.

[4] 29 U.S.C. § 1001, et seq.

2

by her healthcare provider that she was pregnant and would need additional leave of absence from work because hers was a "high risk pregnancy." In plaintiff's brief work history at SREC prior to her pregnancy, she claims her performance was not an issue. By April 23, 2001, the plaintiff had reached her ninetieth day of continuous employment at SREC and, thus, the end of her "Orientation Period." Upon successful completion of an "Orientation Period," employees of Subway Real Estate Corp. and Doctor's Associates begin to accrue vacation time and become eligible for employment benefits.

After the plaintiff notified SREC, Doctor's Associates and John Devine that she was pregnant, Devine began to solicit from plaintiff's coworkers assessments of plaintiff's performance. The defendants also extended plaintiff's Orientation Period, an action she alleges was unprecedented. By May 14, 2001, plaintiff's employment was terminated. At the termination meeting on May 14, 2001, Devine informed the plaintiff that her employment was being terminated because she was having a high-risk pregnancy that could cause her to miss time at work.

On August 18, 2003, the plaintiff filed a complaint alleging five claims against Subway Real Estate Corp., Doctor's Associates, and John Devine.[5] On May 20, 2005, plaintiff filed

---

[5] The defendants filed a motion to dismiss Counts Three, Four, and Five. The plaintiff agreed to dismiss Count Four, and this Court denied the defendants' request to dismiss Counts Three and Five.

3

the Amended Complaint alleging, in Counts One and Two, sex and pregnancy discrimination in violation of Title VII and the CFEPA, in Count Three, a violation of ERISA, and, in Count Four, interference with contractual and advantageous relations.

### III. **Legal Standard**

A party may seek an order by the court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "In deciding whether to strike [an allegation] on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."  Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

"Generally motions to strike are disfavored and are usually granted only for scandalous material.  To have redundant, immaterial or impertinent matters stricken from a pleading, the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." Allocco v. Dow Jones & Co., Inc., 02 Civ. 1029 (LMM), 2002 WL 1484400 (S.D.N.Y. July 10, 2002).

### IV. **Discussion**

The defendants first argue that the plaintiff failed to

establish a nexus between Doctor's Associates and the plaintiff and, therefore, the Title VII and CFEPA claims against Doctor's Associates should be stricken. Specifically, the defendants claim that plaintiff "consistently failed to demonstrate or even allege a relationship ... between [Doctor's Associates] and herself." Defs.' Mem. at 2.[6] The defendants also claim that the plaintiff has not established a nexus between the defendant John Devine and Doctor's Associates that would justify the inclusion of Doctor's Associates in the underlying lawsuit. Defs.' Mem. at 2-3. Next, the defendants assert that the plaintiff actually received benefits and, therefore, her ERISA claim must be stricken. Further, according to the defendants, the plaintiff's claim of interference with contractual and advantageous relations with the defendants "is duplicative of her ERISA claim" and, therefore, should be stricken as redundant. Defs.' Mem. at 5. Finally, the defendants claim that, because the plaintiff's emotional distress claim was dismissed, her prayer for damages for mental anguish and humiliation should be stricken.

For the reasons set forth below, this Court finds that the defendants have not shown any of the plaintiff's claims to be redundant, immaterial, impertinent, or scandalous, and their motion to strike is denied.

---

[6] Though the defendants' brief is without page numbers, this Court will, nonetheless, cite to specific pages therein, where necessary. See D. Conn. L. Civ. R. 10.

**A.**   *Relationship With Doctor's Associates*

The defendants claim that the plaintiff was an employee of Subway Real Estate Corp., not Doctor's Associates, and, therefore, Counts One and Two, as far as they allege wrongdoing by Doctor's Associates, should be stricken. The plaintiff alleges that Doctor's Associates is affiliated with Subway Real Estate Corp., and that they conduct business at the same location. She also alleges that John Devine was her supervisor, a Vice President of Subway Real Estate Corp., and was employed by Doctor's Associates.

In plaintiff's opposition to the present motion, she claims that a representative of Doctor's Associates, Lisa Shea, was present at the plaintiff's termination meeting and during a fact-finding conference regarding the termination of plaintiff's employment. According to Shea's affidavit, "DAI's Human Resource department handles personnel related issues for Subway Real Estate Corp.," and Shea worked directly with the plaintiff while she completed the benefit enrollment paperwork. Pl.'s Opp'n to Defs.' Motion to Strike, Ex. 3. Also attached to Shea's affidavit is an insurance premium billing statement, that Shea represents belongs to Doctor's Associates, which indicates that an insurance premium was paid on behalf of the plaintiff. Id. at ¶ 10; Shea Aff. In Support of Defs.' Motion To Dismiss, Ex. D. Further, Exhibit A, attached to defendants' memorandum in support

6

of the underlying motion to strike, includes an "Employment/Change Form," whereby the plaintiff apparently elected certain insurance coverage under the group name "DAI." Defs.' Mem. Ex. A.  Finally, the handbook provided to plaintiff identifies information and guidelines concerning employees of Doctor's Associates.

Until discovery is complete, it would be premature to dismiss the claims against Doctor's Associates before giving the plaintiff the opportunity to support her assertions with evidence.  The underlying motion to strike is not the proper vehicle for challenging the sufficiency of the plaintiff's evidence.

The defendants have not established redundancy, immateriality, or scandalousness, and their motion to strike Counts One and Two as they pertain to Doctor's Associates is denied.

**B.**   ***Plaintiff's ERISA Claim***

"It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140; see also Dister v. Continental Group, Inc., 859 F.2d 1108, 1110-11 (2d Cir. 1988).  In the Complaint, plaintiff alleges that SREC and Doctor's Associates "wrongfully discharged Plaintiff to

7

deprive Plaintiff of benefits in violation of ERISA." Compl. ¶ 43. It is her contention that, after the corporate defendants learned of plaintiff's pregnancy, they terminated her employment in order to deprive her of the benefits she rightfully enjoyed. This Court has already declared plaintiff's allegation sufficient to survive the defendants' motion to dismiss. Now, the defendants assert that they "offered all of the benefits available under the group health plan" to the plaintiff and that she, in fact, elected such benefits thereunder. Defs.' Mem. at 4. While this may or may not prove to be a viable defense at a later time in this litigation, it fails to provide a basis for this Court to grant a motion to strike the plaintiff's allegations. The allegation is hardly irrelevant, scandalous or immaterial to plaintiff's claim that she was inappropriately terminated. Further, discovery has not been completed, and it can not be said that the ERISA allegation has no bearing on the issues in this case.

The defendants' motion to strike Count Three is denied.

C.     *Interference With Contractual and Advantageous Relations*

The plaintiff claims that the defendant, John Devine, interfered with the advantageous business relations that she enjoyed with SREC and Doctor's Associates. In other words, the plaintiff claims that Devine interfered with the plaintiff's employment status and that his motive and means were improper.

This, plaintiff claims, resulted in the loss of earnings and other economic damages.  In the defendants' memorandum, they attempt to morph the plaintiff's ERISA claim with her claim for interference with advantageous relations.  In so doing, the defendants seek to establish that the basis for the interference claim is identical to the basis for the ERISA claim – that the defendants wanted to prevent the plaintiff from receiving her benefits – supposedly rendering Count Four redundant.  The defendants also assert that plaintiff's interference claim is preempted by ERISA.

    The plaintiff's ERISA claim is alleged against Doctor's Associates and Subway Real Estate Corp., while the interference claim is alleged against John Devine.  The plaintiff alleges that Devine had an improper motive and means to cause the plaintiff's termination.  As alluded to by plaintiff in her response to the earlier motion to dismiss, Devine may have been motivated by the desire to rid his office of a "nuisance/hindrance."  Pl.'s Opp'n To Motion To Dismiss at 5.  With the plaintiff away from her duties, she would presumably produce fewer income-generating rentals and, allegedly, Devine's commissions would suffer as a result.  Thus, the plaintiff's interference claim is separate from the ERISA claim and not redundant.

    Next, section 514(a) of ERISA explicitly preempts "any and all State laws insofar as they may now or hereafter relate to any

9

employee benefit plan ...." 29 U.S.C. § 1144(a).  "In determining whether preemption applies, the Court must look ... to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive."  Zito v. SBC Pension Benefit Plan, No. 02cv277 (JBA), 2002 WL 31060363, at *2 (D. Conn. July 18, 2002).

Where the plaintiff's interference claim is not necessarily tied to the underlying benefit plan, it is not preempted by ERISA.  Cf. Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994) (finding state claim preempted because "[t]here is simply no cause of action if there is no plan") and  Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990) (holding state law is preempted where plaintiff must plead, and the court must find, the existence of an ERISA plan for the plaintiff to prevail). "First, preemption will apply where a state law clearly refers to ERISA plans or where the existence of ERISA plans is essential to the law's operation.  Second, a state law that has a clear connection with a[n] [ERISA] plan in the sense that it ... provide[s] alternative enforcement mechanisms' is preempted. Outside these areas, the presumption against preemption is considerable--state laws of general application that merely impose some burdens on the administration of ERISA plans ... should not be disturbed."  Costigan & Co., P.C. v. Costigan, No. 00CIV.6143 (SAS), 2000 WL 1693544, at *3 (S.D.N.Y. Nov 13, 2000)

(internal quotation marks omitted), citing Plumbing Indus. Bd. v. E.W. Howell Co., 126 F.3d 61, 66 (2d Cir. 1997).

Here, the plaintiff's interference claim is not directly connected to the ERISA plan.  Her claim is that John Devine misused his corporate authority pursuant to an improper motive. Further, plaintiff claims damages other than the loss of benefits under the health plan, including "loss of employment, lost compensation, fringe benefits, and other rights, privileges, and conditions of her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme emotional distress."  Compl. ¶ 53.  While the employee benefit plan is a very important part of this case, the interference claim could survive in the absence of such a benefit plan and, therefore, that claim is not preempted by ERISA.

The claims in Counts Three and Four are not synonymous or redundant and the motion to strike Count Four is denied.

**D.**    ***Mental Anguish and Humiliation***

Finally, the defendants assert that the plaintiff's prayer for relief for mental anguish and humiliation should be stricken "for want of legal foundation."  Defs.' Mem. at 6.

Compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, [or] other nonpecuniary losses" are recoverable under Title VII and state law tortious interference claims.  Robinson v. Metro-North

11

Commuter R.R. Co., 267 F.3d 147, 160 (2d Cir. 2001) (Title VII), citing 42 U.S.C. § 1981a(b)(3); Cush-Crawford v. Adchem Corp., 271 F.3d 352, 356-57 (2d Cir. 2001) (Title VII); and Rentz v. Cartwright Ltd. Partnership, No. CV040072318, 2004 WL 2896607, at *10 (Conn. Super. Nov. 23, 2004) (finding tortious interference claim and allegations of emotional distress and humiliation damages sufficient to withstand motion to strike).  Defendants cite no legal authority for their claim that such damages would not be recoverable in this action should plaintiff prevail. Therefore, the motion to strike the plaintiff's prayer for compensatory damages for her mental anguish and humiliation is denied.

**V.   Conclusion**

For the reasons set forth above, the defendants' Motion To Strike [Doc. # 43] is hereby DENIED.  Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, the defendants are hereby ordered to serve their responsive pleading within ten days after notice of this Court's action.

                              SO ORDERED


                              _____
                              ELLEN BREE BURNS
                              SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this _____ day of April, 2006.